SCHEB, Judge.
In these consolidated appeals Michael Harth, as buyer, and Vincent Leo, as seller, both argue that the trial court erred in entering the final judgment which voided their real estate contract on the ground that the subject property was Leo’s homestead. The judgment awarded an equitable lien to First Florida Bank, the mortgagee. We affirm, but remand for the trial judge to more specifically delineate the parties’ rights as to the equitable lien.
We have examined the points raised by the parties and find merit in only one. Although we reject Leo’s argument that the trial court erred in awarding First Florida an equitable lien against his property, we acknowledge that the trial judge did not adequately detail the nature of that lien. Upon Harth’s ineffectual purchase of the property from Leo, First Florida paid off the existing two mortgages on the property and advanced additional sums in return for which it accepted a mortgage from Harth. The trial court was correct that First Florida is entitled to an equitable lien for the amount it advanced.
The trial court, however, did not sufficiently explain the lien’s terms in the final judgment nor did it expound upon the issue when presented with First Florida’s motion for clarification. On remand, the trial *1348 judge should delineate the terms of the lien including the principal (giving credit for reduction, if any, made of the principal), interest, payments schedule, and any other protective provisions or prerequisites to the bank’s right to foreclose which the trial court in its discretion may determine to be just and equitable.
Affirmed, but remanded for proceedings consistent with this opinion.
SCHOONOVER, C.J., and HALL, J., concur.